O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAN HUMPHREY, ) | CASE NO. ED CV 11-00824 RZ |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| vs. ) | AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

After this Court remanded the matter, the Administrative law Judge again determined that Plaintiff was not disabled. On the appeal this time around, Plaintiff raises a single claim: that the Administrative Law Judge erred by not discussing the opinion of consulting psychiatrist Dr. Sahini Parikh.

Plaintiff states that Dr. Parikh made two findings that the Administrative Law Judge should have considered: that Plaintiff was moderately impaired in his ability to respond appropriately both to usual work situations and to changes in a routine work setting. [AR 731] The Administrative Law Judge here did not mention Dr. Parikh, but he did take the testimony from a medical adviser, and the medical adviser surveyed the evidence, including the report from Dr. Parikh. In reviewing the medical evidence, the medical advisor gave a thorough summary of Dr. Parikh's report, although he did not reiterate it word-for-word. He did specifically state that Dr. Parikh, in discussing

Plaintiff's functional limitations, reported that Plaintiff had "moderate limitations in responding to others, including the public and dealing with change and handling complex tasks." [AR 464]

The regulations state that the Social Security Administration will "review all of the evidence relevant to your claim, including medical opinions." 20 C.F.R. § 404.1527(c). They do not state that the Administrative Law Judge must discuss every piece of medical evidence in his written opinion. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). And it is perfectly appropriate to rely on a medical advisor to digest the medical information, and put it into language that the lay examiner can deal with. *Richardson v. Perales,* 402 U.S. 389, 408 (1971).

As the medical advisor stated, Dr. Parikh's report was consistent with the other medical evidence and with Plaintiff's own testimony. Furthermore, the Administrative Law Judge fashioned a residual functional capacity that covered the limitations mentioned by Dr. Parikh. The Administrative Law Judge limited Plaintiff to work in a nonpublic setting, with only "non intense interaction with coworkers and supervisors, no tasks requiring hypervigilance, and no fast paced work." [AR 444] While this residual functional capacity does not parrot the language Dr. Parikh used, it fairly captures the assessment.

The Court finds no basis to reverse the Administrative Law Judge's decision. The decision therefore is affirmed.

DATED:   January 23, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE